1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT LEE JENKINS, JR.,                    No.  2:25-cv-1184 AC P

12                    Petitioner,

13          v.                                     ORDER &

14    CUEVA,                                       FINDINGS & RECOMMENDATIONS

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding without an attorney, who has filed a petition for

18    writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The petition, as detailed below,

19    challenges not a conviction or sentence but the denial of parole.  On April 16, 2025, petitioner

20    was granted leave to proceed in forma pauperis.  ECF No. 4.  On April 23, 2025, petitioner's case

21    was transferred from the Central District of California to this court.

22          The case is before the court for preliminary review under Rule 4 of the Rules Governing

23    § 2254 Cases.  For the reasons discussed below, the undersigned recommends that the petition be

24    summarily dismissed.

25    I.    Screening Standard

26          Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires

27    the court to conduct a preliminary review of the petition.  Under Rule 4's standard, if it plainly

28    appears from the petition, any attached exhibits, and the record of prior proceedings that the

1  moving party is not entitled to relief, then the district court is authorized to summarily dismiss a

2  habeas petition.  Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024).

3      II.      Habeas Review of Parole

4      A federal court "shall entertain an application for a writ of habeas corpus" of a person in

5  custody based on a state court judgment "only on the ground that he is in custody in violation of

6  the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Wilson v.

7  Corcoran, 562 U.S. 1, 5 (2010) (per curiam).

8      The Supreme Court has repeatedly held that "[t]here is no right under the Federal

9  Constitution to be conditionally released before the expiration of a valid sentence, and the States

10 are under no duty to offer parole to their prisoners."  Swarthout v. Cooke, 562 U.S. 216, 220

11 (2011) (per curiam); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7

12 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally

13 released before the expiration of a valid sentence.").  However, state statutes may create liberty

14 interests in parole release protected by the federal Due Process Clause.  Greenholtz, 442 U.S. at

15 12.

16     When state statutes, like California statues, create a liberty interest in parole,[1] this does not

17 give rise to a federal right to be released on parole prior to the expiration of a valid sentence.

18 Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011).  Nor does the state law requirement that

19 there be "some evidence" to support a parole denial, convert into a substantive federal right.

20 Swarthout, 562 U.S. at 220-21 (there is no federal right to the sufficiency of the evidence with

21 respect to a parole determination).  Instead, in the parole context, the required procedures are

22 minimal—an inmate seeking parole must (1) be given an opportunity to be heard and (2) a

23 statement of reasons for a denial.  Greenholtz, 442 U.S. at 16; Swarthout, 562 U.S. at 220.  That is

24 "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner]

25 received due process."  Swarthout, 562 U.S. at 220; Pearson v. Muntz, 639 F.3d 1185, 1191 (9th

26
---
27 [1] Although the Supreme Court in Swarthout did not rule on whether California law creates a
   liberty interest in parole, it did note that the Ninth Circuit had held it did and that "[w]hile we
   have no need to review that holding here, it is a reasonable application of our cases."  562 U.S. at
28 219-220.

Cir. 2011). Put differently, "due process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole was denied.'" Roberts, 640 F.3d at 1046 (quoting Swarthout, 562 U.S. at 220)).

III.    Allegations in the Petition

In 1992, petitioner was convicted and sentenced under California law to two consecutive life terms for torture, plus consecutive terms of 8 months for felon in possession of a firearm and one year for deadly weapon use enhancement. ECF No. 1 at 2, 11. Petitioner is currently detained at the California Medical Facility ("CMF") in Vacaville, CA. Id. at 1, 2.

The petition presents seven purported grounds for relief: (1) the denial of petitioner's parole has resulted in cruel and unusual punishment because petitioner is serving a disproportionate term; (2) the Board of Parole Hearings' ("BHP" or "Board") failed to carry out its statutory duty under California law to do a proportionality analysis using the matrix in Div. 2; (3) the Board's denials are arbitrary and capricious because they refuse to set a fixed term before reaching suitability for parole, and repeatedly deny parole despite petitioner's successful completion of self-help classes, trades, etc., his age (69 ½ years old), and total disability; (4) the Board's decision to deny parole and failure to set a parole release date violated petitioner's due process rights and mandatory laws; (5) the Board's consideration of the victim's unsubstantiated claims violated his due process rights; (6) the Board failed to give special consideration to petitioner's age, time served, and diminished physical condition in assessing elderly risk of future violence under Penal Code section 3055; and (7) the psych report and evaluation considered by the Board made "factual errors." Id. at 5-7. Petitioner has attached to his petition the California trial, appellate, and Supreme Courts' decisions denying petitioner's habeas petitions, as well as a copy of his habeas petition submitted to the California Supreme Court. See id. at 10-49.

IV.    Discussion

Petitioner's claims challenging the Board's decision denying him parole are not cognizable claims in federal habeas, and therefore should be summarily dismissed.

As an initial matter, petitioner's claims are not cognizable because even if the court provided petitioner with the relief he seeks, which it cannot do, a favorable judgment for the

1  petitioner would not "necessarily lead to his immediate or earlier release from confinement."

2  Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016).  At most, it could provide petitioner with a

3  new and/or earlier parole suitability hearing.  This alone forecloses petitioner's claims.

4        Moreover, as to ground one, petitioner does not cite to, nor is the court aware of, "any

5  clearly established federal law holding that, for inmates serving indeterminate life sentences,

6  continued confinement following a denial of release on parole may violate the Eighth

7  Amendment."  Noffsinger v. Board of Parole CSP Solano, No. 5:22-cv-1531 MEMF JDE, 2023

8  WL 2626963, at *5, 2023 U.S. Dist. LEXIS 53278, at *12-13 (C.D. Cal. Feb. 2, 2023), report and

9  recommendation adopted 2023 WL 3586415, 2023 U.S. Dist. LEXIS 89105 (C.D. Cal. May 22,

10  2023); see also Lyon v. Jones, No. CV 24-2812 SVW (E), 2024 WL 3469029, at *4, 2024 U.S.

11  Dist. LEXIS 131394, at *11-12 (C.D. Cal. July 8, 2024), report and recommendation adopted,

12  2024 WL 4375736, 2024 U.S. Dist. LEXIS 179868 (C.D. Cal. Oct. 2, 2024) ("There exists no

13  United States Supreme Court opinion clearly establishing that a prisoner's continued service of a

14  lawfully imposed indeterminate sentence following a parole denial can violate the Eighth

15  Amendment." (collecting cases)).  To the extent petitioner is referring to the cruel and unusual

16  punishment clause under California's constitution, federal habeas relief does not lie for errors of

17  state law.  See Swarthout, 562 U.S. at 219; Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)

18  (alleged errors in application of state law not cognizable on federal habeas review); Jenkins v.

19  Johnson, No. 21-cv-1653 GPC (AGS), 2022 WL 16951655, at *4, 2022 U.S. Dist. LEXIS

20  207532, at *11 (S.D. Cal. Nov. 15, 2022) ("Petitioner's challenge under the California

21  Constitution is not cognizable on federal habeas review."); Rangel v. Biter, No. CV 13-2789 GW

22  (JC), 2019 WL 6723685, at *13, 2019 U.S. Dist. LEXIS 215959, at *33 (C.D. Cal. July 26,

23  2019), report and recommendation adopted, 2021 WL 53611, 2021 U.S. Dist. LEXIS 2000 (C.D.

24  Cal. Jan. 4, 2021) (same); Johnson v. King, No. C 16-1373 WHA (PR), 2017 WL 2968764, at *4,

25  2017 U.S. Dist. LEXIS 108098, at *13 (N.D. Cal. July 12, 2017) (same); Vasilis Sakellaridis v.

26  Davey, No. 1:15-cv-1154 DAD EPG HC, 2017 WL 272216, at *1, 2017 U.S. Dist. LEXIS 8329,

27  at *2 (E.D. Cal. Jan. 20, 2017) (same).

28        As to grounds two, three, four, and six, it is of no federal concern (1) whether the Board

4

1  failed to (a) apply California's proportionality analysis, (b) use the proportionality matrix, (c) set

2  a parole release date, and (d) give special consideration to petitioner's age or (2) whether

3  application of state law produced the result that the evidence required.  These procedures are

4  beyond what the United States Constitution demands and may therefore not be challenged in

5  federal habeas.  See Swarthout, 562 U.S. at 221 ("Greenholtz did not inquire into whether the

6  constitutionally requisite procedures provided by Nebraska produced the result that the evidence

7  required; *a fortiori* it is no federal concern here whether California's 'some evidence' rule of

8  judicial review (a procedure beyond what the Constitution demands) was correctly applied.");

9  Lyon, 2024 WL 3469029, at *4, 2024 U.S. Dist. LEXIS 131394, at *9 ("Any state court's failure

10  to rectify any state law error committed by the Board (or any state law error committed by the

11  state courts themselves) would not raise a cognizable federal issue.").

12      To the extent petitioner seeks to transform his state-law issues into federal ones, he cannot

13  do so "merely by labeling [them as] a violation of due process."  Langford v. Day, 110 F.3d 1380,

14  1389 (9th Cir. 1996).  Although California parole laws create a liberty interest protected under the

15  Fourteenth Amendment Due Process Clause, the Supreme Court has made clear that this merely

16  provides a prisoner seeking parole the right to an opportunity to be heard and a statement of

17  reasons for a denial, and nothing more.  Swarthout, 562 U.S. at 219-20.  Here, petitioner does not

18  contend that he was deprived of that which is minimally required under the Due Process Clause.

19  Nor could he.  The documentation attached to the petition reflects that petitioner had a parole

20  hearing, was given an opportunity to be heard, and was provided with the reasons for the denial of

21  parole.  ECF No. 1 at 11-13, 17-18.

22      The petition thus presents no federal due process claim, but only the issues whether the

23  Board properly applied state law requirements and whether the Board properly weighed the

24  evidence.  Whether "California's parole system [is] properly applied rests with California courts,

25  and is no part of the Ninth Circuit's [and this district court's] business."  Swarthout, 562 U.S. at

26  222.  Accordingly, this court lacks subject matter jurisdiction.

27  ////

28  ////

1    V.    Conclusion

2        In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court

3    shall randomly assign a United States District Judge to this action.

4        IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus

5    be summarily dismissed.

6        These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

8    after being served with these findings and recommendations, petitioner may file written

9    objections with the court.  Such a document should be captioned "Objections to Magistrate

10   Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

11   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

12   Ylst, 951 F.2d 1153 (9th Cir. 1991).

13       If petitioner files objections, he may also address whether a certificate of appealability

14   should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules

15   Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it

16   enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the

17   applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

18   § 2253(c)(2).

19   DATED: April 29, 2025

20                                        _____

21                                        ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28