UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 2:25-cv-01184-DAD-AC (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION |
| D. CUEVA, | |
| Respondent. | (Doc. No. 10) |

Petitioner Robert Lee Jenkins, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 30, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed for failing to state a cognizable claim for habeas relief. (Doc. No. 10 at 3–5.) Specifically, the magistrate judge first found that petitioner's claim that his parole denial violated the Eighth Amendment because it resulted in petitioner serving a disproportionate sentence was not cognizable because petitioner was originally sentenced in state court to an indeterminate life sentence. (*Id.* at 4.) The magistrate judge concluded that there is no clearly established federal law that continued

1

confinement following the denial of parole to an inmate serving an indeterminate life sentence could violate the Eighth Amendment. (*Id.*) The magistrate judge then concluded that petitioner's remaining grounds failed to state cognizable federal claims because those claims were premised on allegations that petitioner's parole review was not conducted in compliance with California state law. (*Id.* at 5.) The pending findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days of the date of service. (*Id.* at 6.) On May 16, 2025, petitioner filed his objections to the findings and recommendations. (Doc. No. 12.)

Petitioner's objections largely reiterate arguments that the magistrate judge already considered and appropriately rejected. (*Id.* at 2) (arguing that the denial of parole constitutes excessive confinement in violation of the Eighth Amendment). Petitioner also appears to object on the ground that he was subjected to discriminatory treatment on the basis of a disability in violation of the Americans With Disabilities Act ("ADA"). (*Id.*) "If an ADA claim challenges the validity or duration of confinement, the prisoner's sole federal remedy is the writ of habeas corpus." *Bogovich v. Sandoval*, 189 F.3d 999, 1004 (9th Cir. 1999). Claims brought pursuant to the ADA can be cognizable in the context of a denial of parole. *See Rubio v. Woodford*, No. 05-cv-00638-LKK-DAD, 2009 WL 2424042, at *17 (E.D. Cal. Aug. 5, 2009) (considering a federal habeas claim where the petitioner asserted that his denial of parole violated the ADA because the Board had considered his substance use history). However, petitioner did not allege a violation of the ADA in his petition nor has he alleged that he suffers from any particular disability. (*See* Doc. No. 1.) Accordingly, this objection does not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*

2

*Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

For the reasons above,

1. The findings and recommendations issued on April 30, 2025 (Doc. No. 10) are ADOPTED in full;

2. The operative petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 7, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3